UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kellye Strickland, | Court File No.: 25-cv-02056 (DWF/DJF) |
| Plaintiff, | |
| v. | **DEFENDANT RAMSEY COUNTY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| Ramsey County, et al., | |
| Defendants. | |

---

## INTRODUCTION

Defendants Ramsey County and Ramsey County Deputy Sheriff Corina Loya ("Ramsey County Defendants") respectfully move to dismiss Plaintiff's Amended Complaint. Plaintiff is suing entities and persons, under 42 U.S.C. § 1983, that are allegedly involved in ongoing state court proceedings in which Plaintiff has attempted to rescind a Harassment Restraining Order ("HRO") filed against her. Plaintiff has named Ramsey County as a defendant under the mistaken belief that it is the employer of the state court judges and staff that are involved in the HRO proceedings. She also names Deputy Loya because she alleges that the Deputy did not do enough to inform her about the existence of the HRO filed against her.

The allegations against the Ramsey County Defendants are insufficient to state any legally cognizable claim. Therefore, these defendants respectfully request that the Court dismiss the Complaint as against them in its entirety and with prejudice.

**FACTS**

**I. Background of Related State Proceedings**

Plaintiff's Amended Complaint appears to center around her interactions with the Minnesota District Court, Second Judicial District, Ramsey County in action 62-HR-CV-24-963. (*See* Am. Compl. Ex., ECF 10). This matter appears to be ongoing. *See* Declaration of Brett Bacon (Bacon Decl.), Ex. A, Register of Actions, *Lee v. Strickland*, 62-HR-CV-24-963).[1]

On July 31, 2014, non-party Madeline Sally Machla Lee petitioned the state court for a Harassment Restraining Order ("HRO") against Plaintiff (*Id.*, pg. 2-12). The Court set a hearing on the matter for September 5, 2024. (*Id.*, pg. 54). But it continued it several times because Plaintiff had not yet been served, despite multiple attempts to find her. (*Id.*, pg. 55-56, 77-83). For example, on August 29 the Merrimack County (New Hampshire) Sheriff's Office attempted to serve Plaintiff at one of her last known addresses but it could not find her. (*Id.*, pg. 72). The Maricopa County (Arizona) Sheriff's Office attempted service at Plaintiff's other last known addresses on October 2, but the person living there said that they had lived there for a year and did not know Plaintiff. (*Id.*, pg. 73). On November 7, the Court entered an Order for Publication, stating that service would be made

---

[1] Ramsey County requests the court take judicial notice of the documents in Exhibits A-C of Declaration of Brett Bacon as they are public records. "Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quotation omitted); *see also Carter v. Ludwick*, 139 F.4th 982, 987 (8th Cir. 2025) (taking judicial notice of facts recited by the Iowa Supreme Court ruling in Plaintiff's civil wrongful death case). This court may do so without converting the motion to one for summary judgment. *See Levy*, 477 F.3d at 991.

by first class mail to Plaintiff's previously known addresses in Concord, New Hampshire and Mesa, Arizona. (*Id.*, pg. 86).

The Court ultimately granted Ms. Lee's petition and issued an HRO on December 12, 2024 by default after Plaintiff failed to appear. (*Id.*, pg. 88-91). The Maricopa County Sheriff's Office submitted an affidavit stating that they had successfully served Plaintiff with the HRO at her home address in Tempe, Arizona on February 27, 2025. (*Id.*, pg. 102).

After being served, Plaintiff requested a hearing to rescind the order entered against her; the request was dated March 6, 2025 and marked filed with the court on March 18, 2025. (*Id.*, pg. 124). The Court issued a deficiency notice the same day the request was filed, because Plaintiff had not paid the filing fee, and directed her to either pay the fee or apply for a fee waiver. (*Id.*, pg. 125). Plaintiff's subsequent request for a fee waiver was granted on April 11, 2025. (*Id.*, pg. 126-29). The Court denied the request the same day, ruling that it was untimely. (*Id.*, pg. 130-33). On April 24, the Court issued another order denying the fee waiver request because the action was deemed frivolous. (*Id.*, pg. 134-37).

Attorney Kyle Thomas Manderfeld, an attorney with Defendant Barna, Guzy, and Steffen, Ltd., filed a certificate of representation on behalf of Ms. Lee on May 12, 2025. (Bacon Decl., Ex. B, Cert. of Rep., *Lee v. Strickland*, 62-HR-CV-24-963, Index #105). Mr. Manderfeld is allegedly a former Ramsey County prosecutor. (Am. Compl., pg. 53).

On May 23, 2025, the Court held a contested hearing on Plaintiff's Motion to Vacate the Harassment Restraining Order. (*Id.*, pg. 22-23). Referee Larmouth, who presided over the hearing, entered an order denying Plaintiff's motion, keeping the HRO in full force and effect. (ECF 10, pg. 172-74). Plaintiff alleges that Referee Larmouth had "played a

3

significant role in the prior procedural events underlying [her] due process and [Americans with Disability Act (ADA)] claims" and had provided her with no acknowledgement of any of the concerns that Plaintiff had previously raised. (Am. Compl., pg. 23).

On August 19, the Court held a hearing on 11 motions filed by Plaintiff that were filed between December 12, 2024 to August 6, 2025 and Ms. Lee's motion regarding collateral estoppel. (Bacon Decl., Ex. C, Motion Hearing Order, *Lee v. Strickland*, 62-HR-CV-24-963, Index #114). The same day, the Court granted Ms. Lee's request and denied Plaintiff's request. (*Id*.). In short, the Court ruled that a referee's order cosigned by a district court judge was a valid order of the court, Plaintiff's motions for "explanation and clarification" were not properly before the court, Plaintiff was estopped from arguing lack of proper service of the HRO, and Plaintiff's sanctions motion was without merit. (*Id*., pg. 2-5).

## II. Allegations Against Ramsey County Deputy Corina Loya

On February 3, 2025, Ramsey County Deputy Corina Loya contacted Ms. Lee after she reported that Plaintiff had harassed her in violation of the Court's order. (ECF 10, pg. 97-98). Deputy Loya then personally met with Ms. Lee to discuss the circumstances of her report. (*Id*., pg. 99). Deputy Loya then called Plaintiff the same day and reported that Plaintiff had told her that she was unaware of the HRO, denied harassing Ms. Lee, and asserted that Ms. Lee was the one who had been harassing her. (*Id*., pg. 99-100). Deputy Loya then provided a copy of the report to Plaintiff and advised her to contact the Court Administrator to "possibly clear the Harassment Restraining Order." (*Id*., pg. 100). Plaintiff alleges that Deputy Loya never told her to contact the court. (Am. Comp., pg. 12).

4

Plaintiff gave Deputy Loya her home address at the Deputy's request. (ECF 10, pg. 100).

Plaintiff alleges that she called Deputy Loya on February 27, 2025 to get clarification after she was served a copy of the HRO. (Am. Compl., pg. 13). Deputy Loy allegedly "gave no meaningful explanation, merely stating that Plaintiff should 'read the order and get a lawyer.'" (*Id.*).

On March 3, Plaintiff alleges that Ms. Lee sent harassing mail directly to her husband, Skanda Vishnu Sundar, at their home address, which had been previously known only to court officials. (*Id.*). Plaintiff alleges that this confirmed to her that someone "within the Ramsey County system" and disclosed this address to Lee. (*Id.*). Plaintiff does not explicitly allege that Deputy Loya was the source of this information.

### III. Allegations of Unfair Treatment by State Court.

Plaintiff alleges several instances of perceived mistreatment by the state court.

Plaintiff's husband petitioned the Court for an Ex Parte Order for a HRO against Ms. Lee on March 6, 2025, which the Court granted the same day. (ECF 10, pg. 110-11). The Court granted Mr. Sundar's request for a fee waiver after finding that Ms. Lee's alleged conduct would constitute "harassment" under Minn. Stat. § 609.749. (*Id.*, 121-22). After a hearing on the petition, both parties agreed to dismiss the order under the conditions that they not have contact with one another. (*Id.*, pg. 116). Plaintiff also filed a petition for an Ex Parte Order for a HRO against Ms. Lee on March 6, but the Court denied it the same day because the acts alleged in the petition would not violate any laws that would be grounds to grant an HRO. (Am. Compl., pg. 14; ECF 10, pg. 119-20).

5

Plaintiff alleges that she was "repeatedly dismissed by court staff and instructed simply to 'get a lawyer[]' with no regard for her disability status or her statutory right to accommodation under federal law." (Am. Compl., pg. 16). She also complains of unpleasant interactions with Nicole Rueger, a court administrator, when making certain requests with the Court. (*Id*., pg. 16-18, 24). Ms. Rueger also allegedly failed to adequately respond to a records request for court records because it was incomplete, inadequate, and "retaliatory in nature" because the production lacked some documents and a manifest or certification. (*Id*., pg. 24-25).

Plaintiff sent the court "a formal ADA accommodation request asking that all non-essential court communication be conducted via email rather than telephone" on April 21 (*Id*., pg. 18). On April 24, Jill Ramaker, the ADA contact for the Ramsey County courthouse said that the court was not able to accommodate such a request but provided other ways in which Plaintiff could receive certain court documents. (ECF 10, pg. 162-64).

## PROCEDURAL HISTORY

Plaintiff commenced this action pro se on May 9, 2025, against the Ramsey County Sheriff's Office and several court judges and personnel. (Compl., ECF 1). Plaintiff filed a simultaneous expedited Motion for a Preliminary Injunction but failed to serve either the complaint or motion. (Mot., Mem., ECF 3-4).

On July 21, Plaintiff filed a Motion for Extension of Time to Complete Service Pursuant to Fed. R. Civ. P. 4(m). (Mot., ECF 7). In the motion, Plaintiff acknowledged that she had not properly served any defendant and requested 30 days to complete service. (*Id*.,

6

pg. 3). Magistrate Judge Foster granted Plaintiff's motion on July 22 and allowed Plaintiff until September 8 to properly effect service. (Text Order, ECF 8).

On July 28, Plaintiff filed her 78-page Amended Complaint and over 200 pages of accompanying exhibits. (Am. Compl, ECF 9; Am. Compl. Ex., ECF 10). Plaintiff sent a copy of the Amended Complaint to the Ramsey County Attorney's Office on August 11 by U.S. Mail. (Proof of Service, ECF 16). The same day, this Court ordered Ramsey County to respond to the Complaint by September 2. (Text Order, ECF 17).

On August 12, Plaintiff filed a "Notice Regarding Altered Court Documents and Retaliatory Conduct." (Notice, ECF 13). In the notice, Plaintiff asserts she is informing "the Court of ongoing irregularities, document tampering, and retaliatory conduct occurring within the underlying state court proceedings, which form a central basis for the federal claims asserted herein. (*Id*.).

## LEGAL STANDARD

A civil complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 391, 326-27 (1989)).

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

7

and a formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008) (quotation omitted). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.*

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). Nonetheless, "this

standard does not excuse pro se complaints from alleg[ing] sufficient facts to support the claims advanced." *Id.* at 914.

When considering a Rule 12 motion, a court generally ignores matters outside the pleadings but may consider materials that are embraced by the pleadings. *See Ching v. City of Minneapolis*, 73 F.4th 617, 620-21 (8th Cir. 2023) (citation omitted) (reviewing videos of the incident underpinning Plaintiff's excessive force claim because the videos were embraced by the pleadings). Materials embraced by the pleadings include "documents whose contents are alleged in the complaint and whose authenticity no party questions." *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (quotation omitted). The court may also consider "materials that are part of the public record" when considering a Rule 12 motion, as well as materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quotation omitted).

## ARGUMENT

### I. Improper Service

Plaintiff failed to properly serve the Ramsey County Defendants because she sent a copy of the summons and complaint to the Ramsey County Attorney's Office only by U.S. Mail. (Proof of Service, ECF 16). This is insufficient as Minnesota Rule of Civil Procedure 4.03(e)(1), which is the governing service requirement here under Fed. R. Civ. P. 4(j)(2)(B), requires her to personally serve either the county attorney or county board. And to be clear, "service by mail does not constitute proper service absent a valid acknowledgement or service returned by the defendant." *Roberson v. Minnesota,* No. 16-

cv-2578, 2016 WL 11198359, at *10 (D. Minn. Dec. 19, 2016) (citing Fed. R. Civ. P. 4; Minn. R. Civ. P. 4.03, 4.05).

Despite Plaintiff's improper service, the Ramsey County Defendants request that this Court dismiss Plaintiff's complaint on the merits because Plaintiff fails to state any legally cognizable claim.

## II. Defendant State Court Judges and their Staff are not Ramsey County Employees.

Plaintiff lodges complaints of unfair treatment against two groups of people that she asserts are employed by Ramsey County: judges and personnel of the Minnesota District Court in Ramsey County and a Ramsey County Deputy Sheriff Loya.

But judges and personnel of the Minnesota District Court are state employees, not Ramsey County employees. *See* Minn. Stat. § 480.181, subds. 1(a), 4 (2024). Therefore, Ramsey County cannot be held responsible for the conduct. *Carlson v. County of Ramsey, Minn.*, No. 16-cv-765, 2016 WL 3352196, at *8 n.5 (D. Minn. Jun. 15, 2016). The Ramsey County defendants kindly refer Plaintiff and the Court to the Minnesota Attorney General's briefing regarding the defendants employed by the state court.

## III.   Claims Against Ramsey County and Deputy Loya.

That leaves the allegations against Deputy Loya and Ramsey County. Although Ramsey County seeks dismissal of all claims asserted against it, Plaintiff appears to raise the following claims specifically against Deputy Loya or Ramsey County:

- Count I — *Monell*: most of the allegations under this Count appear to be directed at the state court but Plaintiff's allegations regarding "obstruction" and "manipulation" arguably includes Deputy Loya's communications with Plaintiff about the HRO. (Am. Compl., pg. 32-36).

10

- Count III — Denial of Access to Courts: Plaintiff's allegations of "intentional suppression, selective enforcement, and coordinated procedural obstruction" arguably includes Deputy Loya's communications with Plaintiff about the HRO. (*Id.*, pg. 39-42).
- Count IV — "Color of Law Misconduct": alleges that "law enforcement personnel" acted under color of state law by "refusing to correct" an HRO. (*Id.*, pg. 42-45).
- Count VII — Retaliation and Interference with ADA Rights: alleges that Defendants "refus[ed] to provide accurate procedural guidance." (*Id.*, pg. 51-55).
- Count VIII — Violation of the Rehabilitation Act: alleged that Rasmey County Sheriff personnel denied Plaintiff "meaningful access to court services" (*Id.*, pg. 55-58).
- Count XI — Violations of the Minnesota Constitution: alleged that Ramsey County disclosed Plaintiff's confidential home address. (*Id.*, pg. 64-66).

### a. Deputy Loya is Entitled to Qualified Immunity.

Plaintiff states that she is suing Deputy Loya because she failed "to disclose the existence" of the HRO and "unlawfully disclos[ed] Plaintiff's protected address to a known retaliatory actor." (*Id.*, pg. 6). She also names five "John and Jane Does" who are "unidentified agents of the Minnesota Second Judicial District and/or the Ramsey County Sheriff's Office." (*Id.*, pg. 7).

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Determining whether a defendant is entitled to qualified immunity requires the court to determine (1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was "clearly established" at the time of the deprivation." *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012) (quotation omitted) (cleaned up).

11

Deputy Loya is entitled to qualified immunity because she did not violate any of Plaintiff's clearly established constitutional or statutory rights. Plaintiff argues that Deputy Loya violated her due process rights under the Fourteenth Amendment by "fail[ing] to inform" her of the HRO's existence. (Am. Compl., pg. 11-12). Plaintiff appears to be arguing that Deputy Loya acted negligently in this interaction by failing to exercise due care to disclose the existence of the HRO. If the Court agrees with this reading, then it must dismiss Plaintiff's claim because mere negligence cannot amount to a constitutional injury cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (ruling that the Fourteenth Amendment Due Process clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property). Moreover, Deputy Loya's alleged conduct would likely not even amount to negligence under Minnesota common law. *See, e.g., Bruegger v. Faribault County Sheriff's Dep't.*, 497 N.W.2d 260, 262 (Minn. 1993) (finding that there was no common law cause of action for negligence on the part of law enforcement agencies that fail to inform crime victims of their potential rights of recovery under the Minnesota Crime Victims Reparations Act).

Furthermore, Deputy Loya's alleged disclosure of Plaintiff's home address would not violate any of Plaintiff's constitutional rights as courts have found that there is "no reasonable expectation of privacy under the [United States] Constitution in a person's home address." *Markam v. Tolbert*, No. 22-cv-0187, 2022 WL 17819354, at*7 (D. Minn. Dec. 20, 2022) (stating that plaintiff failed to state Fourth Amendment violation based on officers' alleged disclosure of his home address to arresting officers); *see also Kennedy v. City of Braham*, 67 F. Supp.3d 1020, 1032 (D. Minn. 2014) (finding that plaintiff failed to

12

state Fourteenth Amendment right to privacy claim based on officers alleged use of state license databased to look up her home address). Minnesota Courts have similarly ruled that there is no reasonable expectation of privacy in one's home address under the Minnesota State Constitution. *See State v. Jacobs*, A06-584, 2007 WL 1121289 at *2-3 (Minn. App. 2007) (ruling that officer's acquisition of defendant's identity and address from third-party Internet service provided did not violate his privacy rights under the U.S. and Minnesota Constitutions).

For these reasons, the Court should dismiss all claims against Deputy Loya.

### b.  Plaintiff Fails to State a *Monell* Claim Against Ramsey County.

Finally, the Court should dismiss all claims against Ramsey County. As stated above, Ramsey County is not liable for the alleged actions of state court personnel. Minn. Stat. § 480.181, subds. 1(a), 4 (2022); *Carlson*, 2016 WL 3352196, at *8 n.5. Plaintiff's § 1983 claims against Ramsey County, to the extent she is suing Deputy Loya in her official capacity, are also meritless because she fails to state any viable *Monell* claims against it.

Under § 1983 a "municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 582-83 (8th Cir. 2006) (quotation omitted), *see also Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). "A municipal custom is a practice of municipal officials that is not authorized by written law, but which is so permanent and well-settled as to have the force of law." *Russell v. Hennepin County*, 420 F.3d 841, 849 (8th Cir. 2005) (quotation omitted). To establish municipal liability under § 1983, a plaintiff must prove that the

13

defendant "was the moving force behind the constitutional violation." *Reasonover,* 447 F.3d at 583 (citing *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). Also, "[w]ithout a constitutional violation by the individual officers, there can be no § 1983 or *Monell* liability." *Stockley v. Joyce*, 963 F.3d 809, 823 (8th Cir. 2020) (cleaned up) (quotation omitted).

Plaintiff's *Monell* claims against Ramsey County must fail for lack of any cognizable constitutional violation by any Ramsey County employee or any allegation that any Ramsey County custom or policy was the moving force of any constitutional violation.

## CONCLUSION

For the foregoing reasons, the Ramsey County Defendants respectfully requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Date: September 2, 2025

**JOHN J. CHOI**
**RAMSEY COUNTY ATTORNEY**

By: */s/ Brett Bacon*
    Brett Bacon (#0400776)
Assistant Ramsey County Attorney
360 Wabasha St. N., Suite 100
Saint Paul, MN 55101
Telephone: 651-266-3211
Brett.bacon@co.ramsey.mn.us

*Attorney for Ramsey County Defendant*