UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kellye Strickland, | Case File No. 0:25-cv-02056-DWF-DJF |
| Plaintiff, | |
| v. | |
| RAMSEY COUNTY, a local government entity, BARNA, GUZY & STEFFEN, LTD., a Minnesota professional corporation, Referee JENESE LARMOUTH (Doe 1), in her individual capacity, Referee REBECCA ROSSOW (Doe 2), in her individual capacity, Referee VICTORIA ELSMORE (Doe 3), in her individual capacity, NICOLE RUEGER, in her individual and official capacities, Deputy CORINA LOYA, in her official capacity only, KYLE MANDERFELD (Doe 4), in his individual capacity only, JOHN AND JANE DOE 5-10, in their individual capacities, | **DEFENDANT BARNA, GUZY & STEFFEN, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | |

---

Defendant Barna, Guzy & Steffen, Ltd., ("BGS") respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss. Based on the following, the pleadings in this matter, the arguments of Counsel, and the complete record before the Court, the Court should dismiss all claims against Barna, Guzy, & Steffen, Ltd., with prejudice.

## FACTS RELATED TO THE FIRM.

Plaintiff Kellye Strickland ("Plaintiff") is an individual residing in Tempe, Arizona. (Kletscher Aff. Ex. 1 at 4.) [1]

Plaintiff is currently a defendant to a harassment restraining order case in state court (the "HRO Case"). See Lee v. Stickland, Ramsey County District Court File No. 62-HR-CV-24-963. The Complaint's allegations and claims in this federal action arise out of, and relate to, either the HRO Case or the three related state court cases ("Related Cases").

Defendant BGS is a private law firm headquartered in Minnesota. (Kletscher Aff. Ex.1 at 5.)

On May 12, 2024, Kyle Manderfeld ("Manderfeld"), an attorney at BGS, filed a Notice of Appearance in the HRO Case. Manderfeld was formerly employed by the Ramsey County Attorney's Office as a law clerk. Id.

On May 14, 2025, Plaintiff filed a complaint with the Minnesota Office of Lawyers Professional Responsibility ("the Office") against Manderfeld, claiming Manderfeld's participation in the HRO Case as a conflict of interest due to his prior employment with Ramsey. Id. at 22.

On June 10, 2025, the Office issued a determination that the complaint does not state a basis for a reasonable belief that misconduct occurred, that discipline is not warranted, and that they will not be investigating further. (Kletscher Aff. Ex. 2 at 2.) Specifically, the Director of the Office of Lawyers Professional Responsibility found that

---

[1] For the Court's convenience, page numbers were added to Plaintiff's Amended Complaint and a copy is attached to the Kletscher Affidavit as **Exhibit 1**.

"[w]hile Mr. Manderfeld formerly worked as a county attorney in Ramsey County, there is no information to suggest that he participated personally and substantially in any matter involving [Plaintiff] during that employment. [Plaintiff's] federal claims against the county also do not include alleged misconduct by Mr. Manderfeld while working as a county attorney." (Id. at 1–2.)

On July 3, 2025, Plaintiff appealed the determination not to investigate.  (Kletscher Aff. Ex. 3.)

On July 28, 2025, Plaintiff filed their Amended Complaint in federal court ("Amended Complaint" or "Complaint") asserting claims against BGS. (Kletscher Aff. Ex. 1.)

On August 13, 2025, BGS received a letter from the Lawyers Professional Responsibility Board affirming the decision that no investigation is warranted and that there be no lawyer discipline. (Kletscher Aff. Ex. 4.) Specifically, the letter stated that "the documents related to your case and the public record show nothing to indicate that Mr. Manderfeld was involved in any matter while working as an assistant Ramsey County attorney that involves you or any matter related to your pending case. Therefore, there is no reasonable basis to believe that Mr. Manderfeld committed professional misconduct." (Kletscher Aff. Ex. 4 at 4.)

On August 15, 2025, a copy of the summons and the Amended Complaint was left with Marcy Hamberg, a legal assistant at BGS. (Kletscher Aff. ¶ 2.) Ms. Hamberg is not an officer or designated agent to receive service for BGS. (Id.)

Allegations against BGS

Plaintiff alleges that BGS "ratif[ied] and perpetuat[ed] unconstitutional conduct through [the Firm's] employee, Kyle Manderfeld, after receiving formal notice of conflict, falsified service, and retaliatory litigation posture." (Kletscher Aff. Ex. 1 at 5.) Further, the Complaint alleges that BGS "enabled a pattern of ADA retaliation, due process obstruction, and civil rights conspiracy following Plaintiff's protected federal filing." (Id. at 5.)

There are no other allegations against BGS.

Counts against BGS

Plaintiff's Amended Complaint alleges ten causes of action against Barna, Guzy & Steffen. First, the Complaint alleges that "all defendants" are liable under 42 U.S.C. § 1983 for "Violation of Procedural Due Process." Second, the Complaint alleges that "all defendants" are liable under 42 U.S.C § 1983 for "Denial of Access to Courts." Third, the Complaint alleges that "all defendants" are liable under 42 U.S.C § 1983 for "Color of Law Misconduct." Fourth, the Complaint alleges that "all defendants" are liable under 42 U.S.C § 1983 for "Violation of Title II of the Americans with Disabilities Act." Fifth, the Complaint alleges that "all defendants" are liable under 42 U.S.C § 1983 for "Violation of Equal Protection." Sixth, the Complaint alleges that "all defendants" are liable under 42 U.S.C § 12203 for Retaliation and Interference with ADA Rights." Seventh, the Complaint alleges that "all defendants" are liable under 42 U.S.C § 1985(2) and/or (3) for "Conspiracy to Violate Civil Rights." Eighth, the Complaint alleges that "all individual defendants" are liable for "Abuse of Process." Ninth, the Complaint alleges that "all defendants" are liable under Article I §§ 3, 6, 8, 10 for "Violation of the Minnesota Constitution." Tenth, the

Complaint alleges that "all defendants" in their individual capacities are liable for "Intentional Infliction of Emotional Distress."

In her prayer for relief, Plaintiff requests: declaratory relief; injunctive relief, requiring Ramsey County to "vacate the Harassment Restraining Order issued on December 12, 2024, as void ab initio for lack of jurisdiction and defective service"; compensatory damages; punitive damages; and attorney's fees and costs. (Id. at 72–75.)

## ARGUMENT

The Court should dismiss the Complaint with prejudice. A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1). If subject matter jurisdiction is lacking over a claim, the claim must be dismissed. Fed. R. Civ. P. 12(b)(1). The Court may "dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (citations modified).

A party may also move to dismiss a complaint under Rule 12(b)(6). Under this rule, the Court considers all facts alleged in the complaint as true and construes the pleadings in the light most favorable to the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court, however, is not bound to accept as true legal conclusions or mere conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim "serves to eliminate

actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the unnecessary pretrial and trial activity." Young v. City of St. Charales, 244 F.3d 623, 627 (8th Cir. 2001) (citing Neitzke v. Williams, 490 U.S. 391, 326–27 (1989)). A motion to dismiss for failure to state a claim should be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 687 (citing Twombly, 550 U.S. at 556.) A complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. The Court must undertake the "context-specific task" of determining whether Plaintiff's allegations "nudge" her claims "across the line from conceivable to plausible." Id. at 679–80.

In deciding a Rule 12(b)(6) motion, the Court may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record. Roberson v. Dakota Boys & Girls Ranch, 42 F.4th 924, 928 (8th Cir. 2022).

The Court should dismiss all claims against BGS with prejudice. First, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. Second, Plaintiff's claims should be dismissed due to insufficient service of process. Third, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. As a result, all of Plaintiff's claims against BGS should be dismissed with prejudice.

I.    **THE COURT SHOULD DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.**

The Court lacks subject matter jurisdiction over Plaintiff's claims relating to the HRO Case and the Related Cases, which are all of the claims in the Amended Complaint.

First, the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." King v. City of Crestwood, Mo., 899 F.3d 643, 647 (8th Cir. 2018). "The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance v. Dennis, 546 U.S. 459, 466 (2006) (cleaned up). The doctrine also precludes federal district courts from exercising jurisdiction over claims "inextricably intertwined" with state court decisions. D.C Ct. of Appeals v. Feldman, 460 U.S. 462, 483–87 (1983). A federal claim is "inextricably intertwined with a state court judgment when the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Canal Cap. Corp. v. Valley Pride Pack, Inc., 169 F.3d 508, 512 (8th Cir. 1999).

Here, Plaintiff requests injunctive relief to vacate the Harassment Restraining Order issued on December 12, 2024. (Kletscher Aff. Ex. 1 at 73.)

By asking the Court to undo the HRO, Plaintiff seeks relief that the Rooker-Feldman doctrine prohibits. See Fredin v. Middlecamp, No. 0:17-cv-3058, 2018 WL 4616456, at *6 (D. Minn. Sept. 26, 2018) (holding a lack of subject matter jurisdiction and applying Rooker-Feldman to bar the plaintiff's attempt at re-litigating state court HRO proceedings).

Second, the Court lacks subject matter jurisdiction under the Younger Abstention. Under the Younger Abstention, federal courts should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding. Younger v. Harris, 401 U.S. 37, 46 (1971). Under the Younger Abstention, federal courts should abstain from exercising jurisdiction if "(1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Here, Plaintiff is currently a party to an ongoing HRO Case in state court. See Lee v. Strickland, Ramsey County District Court File No. 62-HR-CV-24-963. As a result, the Younger abstention prevents the Court from exercising jurisdiction over Plaintiff's claims relating to the HRO Case. Since all of Plaintiff's claims for relief relate to the HRO Case and Related Cases, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

## II.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF SERVICE.

Plaintiff failed to properly serve BGS because she did not personally serve a copy of the summons and complaint on an officer, managing agent, or to any other agent authorized to receive service of a summons.

Proper service is essential for a court to exercise jurisdiction over a party. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). "Service of Process is a jurisdictional

requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Cullman Med. Center, 896 F.2d 1313, 1317 (11th Cir. 1990).

> Unless a defendant voluntarily makes an appearance or waives defective service, a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements[.]

Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982).

Under Federal Rule of Civil Procedure 12(b)(5), a motion to dismiss may be properly granted on the basis of insufficient service of process. Fed. R. Civ. P. 12(b)(5). Under Minn. R. Civ. P. 4.03(c), service upon a corporation may be accomplished by "delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons[.]"

Here, Plaintiff never personally served BGS with a copy of the summons and the complaint. (Kletscher Aff. ¶ 3.) Plaintiff left a copy of the summons and complaint with Marcy Hamberg. (Kletscher Aff ¶ 2.) Marcy Hamberg is not an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. (Id.) Therefore, Defendant was never properly served.

When service of process is insufficient, a court must dismiss the suit. See, e.g., Fed. R. Civ. P. 12(b)(5); Bullock v. United States, 160 F.3d 441, 442 (8th Cir. 1998) (affirming district court's dismissal of plaintiffs' complaint for failure to serve the defendant within 120 days). See also Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (affirmed the dismissal of a complaint that was not served within 120 days of filing); Brown v. Rinehart,

105 F.R.D. 532 (E.D. Ark. 1985) (dismissing action with prejudice for failure to timely serve).

Accordingly, the Court should grant Defendant's Motion to Dismiss for insufficient service of process.

## III.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

All of Plaintiff's claims against BGS should be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court takes all well-pleaded allegations as true. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36–37 (8th Cir. 1995). However, to state a claim, a plaintiff's complaint must allege facts demonstrating that the plaintiff is entitled to recover. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The pleading standard set forth by Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8(a)(2) only requires this basic statement, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint must plead enough factual matter that, if taken as true, will "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. The standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at

678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Pro se plaintiffs must set forth enough factual allegations to "nudge their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Twombly, 550 U.S. at 569–570.

The Court should dismiss with prejudice all claims alleged against BGS. The claims fail to state a claim upon which relief could be granted.

A. Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Plaintiff brings five claims under 42. U. S. C. 1983 against "all defendants." Count II: Violation of Procedural Due Process; Count III: Denial of Access to Courts; Count IV: Color of Law Misconduct; Count V: Violation of Title II of the Americans with Disabilities Act; and Count VI: Violation of Equal Protection. The Court should dismiss all five claims because Plaintiff has failed to state a claim upon which relief can be granted.

"Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States." Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000). To state a claim under 42 U.S.C. § 1983, plaintiffs must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The "under color of state law" requirement is a limitation on § 1983's scope. "The traditional definition of acting under color of state law requires that a defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only

because the wrongdoing is clothed with the authority of state law.'" <u>Neighborhood</u> <u>Enterprises, Inc. v. City of St. Louis</u>, 540 F.3d 882, 885 (8th Cir. 2008). This element specifically "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" <u>Carlson v. Roetzel & Andress</u>, 552 F.3d 648, 650 (8th Cir. 2008).

A private entity, such as a law firm, may be liable under § 1983 only "when the private actor 'is a willful participant in joint activity with the State or its agents' in denying a plaintiff's constitutional rights." <u>Dossett v. First State Bank</u>, 399 F.3d 940, 947 (8th Cir. 2005).

Here, Plaintiff has failed to state a claim because BGS was not acting under color of state law and therefore cannot be held liable under 42 U.S.C § 1983. BGS is indisputably a private law firm. (Kletscher Aff. Ex. 1 at 2.) Plaintiff has alleged no facts suggesting that BGS acted under color of state law or engaged in joint activity with any state actors. (Kletscher Aff. Ex. 1, generally.) The Complaint contains no allegations that the Firm exercised power "possessed by virtue of state law and made possible only because the wrongdoing is clothed with the authority of state law." (Kletscher Aff. Ex. 1, generally).

Without state action, there can be no Section 1983 liability. Since Claims I–VI were brought under 42 U.S.C § 1983, these claims should all be dismissed for failure to state a claim upon which relief can be granted.

B. <u>Plaintiff has failed to state a claim under 42 U.S.C § 12203 for Retaliation and Interference with ADA Rights.</u>

The Court should dismiss Count VII. Count VII brings a claim for "Retaliation and Interference with ADA Rights" under 42 U.S.C. § 12203 against all defendants. Plaintiff's claim should be dismissed because Plaintiff has failed to sufficiently plead a cause of action. In fact, Plaintiff fails to allege any facts pertaining to BGS at all.

To make out a retaliation claim, a plaintiff must show (1) that she engaged in statutorily protected activity, (2) that an adverse action was taken against her, and (3) a casual connection between the adverse action and the protected activity. <u>Amir v. St. Louis Univ.</u>, 184 F.3d 1017, 1025 (8th Cir. 1999) quoting 42 U.S.C. § 12203(a)

Plaintiff's Complaint lacks any factual allegations connecting BGS to ADA retaliation. (Kletscher Aff. Ex. 1, generally). The Complaint fails to identify any protected activity involving BGS, (Kletscher Aff. Ex. 1, generally), any adverse action taken by BGS (Kletscher Aff. Ex. 1, generally), or any casual connection between BGS's conduct and Plaintiff's alleged injuries. (Kletscher Aff. Ex. 1, generally). In fact, Plaintiff fails to allege any facts pertaining to BGS at all under this claim. Therefore, Plaintiff's claim for retaliation and interference with ADA rights should be dismissed for failure to state a claim upon which relief can be granted.

C. <u>Plaintiff has failed to state a claim under 42 U.S.C § 1985(2) and/or (3) for "Conspiracy to Violate Civil Rights."</u>

The Court should dismiss Count IX. Count IX brings claims under 42 U.S.C. § 1985(2) and (3) for conspiracy to violate civil rights against all defendants. Plaintiff's claim

under 42 U.S.C 1985(2) and (3) should be dismissed for failing to state a claim upon which

relief can be granted.

Under 42 U.S.C. §1958 (2):

> If two or more persons in any State or Territory conspire to
> deter, by force, intimidation, or threat, any part or witness in
> any court of the United States from attending such court, or
> from testifying to any matter pending therein, freely, fully,
> and truthfully, or to injure such party or witness in his person
> or property on account of his having so attended or testified,
> or to influence the verdict, presentment, or indictment of any
> grand or petit juror in any such court, or to injure such juror
> in his person or property on account of any verdict,
> presentment, or indictment lawfully assented to by him, or of
> his being or having been such juror; or if two or more persons
> conspire for the purpose of impending, hindering, obstructing,
> or defeating, in any manner, the due course of justice in any
> State or Territory, with intent to deny to any citizen the equal
> protection of the laws, or to injure him or his property for
> lawfully enforcing, or attempting to enforce, the right of any
> person, or class of persons, to the equal protection of the
> laws.

Section (3) provides:

> If two or more persons in any State or Territory conspire or
> go in disguise on the highway or on the premises of another,
> for the purpose of depriving, either directly or indirectly, any
> person or class of persons of the equal protection of the laws,
> or of equal privileges and immunities under the laws; or for
> the purpose of preventing or hindering the constituted
> authorities of any State or Territory from giving or securing
> to all persons within such State or Territory the equal
> protection of the laws; or if two or more persons conspire to
> prevent by force, intimidation, or threat, any citizen who is
> lawfully entitled to vote, from securing his support or
> advocacy in a legal manner, toward or in favor of the election
> of any lawfully qualified person as an elector for President or
> Vice President, or as a Member of Congress of the United
> States; or to injure any citizen in person or property on
> account of such support or advocacy; in any case of
> conspiracy set forth in this section, if one or more persons

> engaged therein do, or cause to be done, any act in
> furtherance of the object of such conspiracy, whereby another
> is injured in his person or property, or deprived of having and
> exercising any right or privilege of a citizen of the United
> States, the party so injured or deprived may have an action for
> the recovery of damages occasioned by such injury or
> deprivation, against any one or more of the conspirators.

Plaintiff's Complaint alleges no facts suggesting BGS conspired with anyone to violate Plaintiff's civil rights. (Kletscher Aff. Ex. 1, generally). In fact, the Complaint fails to allege any facts pertaining to BGS at all under this claim. (Kletscher Aff. Ex. 1, generally). Therefore, Count IV should be dismissed.

### D. Plaintiff has failed to state a claim of "Abuse of Process."

Plaintiffs claim for "abuse of process" under Count X should be dismissed for failure to state a claim upon which relief can be granted. An abuse of process claim lies when a party "misuse[s] or misappli[ies] … the legal process to accomplish an end other than that which the process was designed to accomplish." Pow-Bel Const. Corp. v. Gondek, 192 N.W.2d 812, 814 (Minn. 1971); Hoppe v. Klapperich, 28 N.W.2d 780, 786 (Minn. 1947). Under Minnesota law, abuse of process requires two elements: "(a) the existence of an ulterior purpose, and (b) the act of using the process to accomplish a result not within the scope of the proceedings in which it was issued." Brandsrud v. Hespenheide, 2024 WL 477100, at *4 (D. Minn. Feb. 7, 2024).

Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to allege that the Firm used any legal process, let alone that it did so for an improper purpose. (Complaint, generally.) The specific allegations in Court IX do not even reference BGS's conduct. (Id.) Therefore, Count X of the Complaint should be dismissed.

E.  Plaintiff has failed to state a claim under the Minnesota Constitution Article I, §§ 3, 6, 8, 10.

Count XI brings four claims under the Minnesota Constitution. First, a violation of the "Freedom of Speech and Expression" under §3. Second, a violation of the "Right to Access and Remedy" under §6. Third, a violation of "Due Process of Law" under (s)8. Lastly, a violation of the "Right to Privacy and Freedom from Unreasonable Search and Seizure" under § 10. All four claims should be dismissed for failure to state a claim upon which relief can be granted.

"There is no private cause of action for violations of the Minnesota Constitution." Eggenberger v. W. Albany Twp., 820 F.3d 938 (8th Cir. 2016). See also Mlnarik v. City of Minnetrista, No. A09-910, 2010 WL 346402 at *1 (Minn. App. Feb. 2, 2010) (explaining "no private cause of action for a violation of the Minnesota Constitution has yet been recognized" and "[t]herefore appellant's complaint fails to state a claim"); Danforth v. Eling, No. A10-130, 2010 WL 4068791 at *6 (Minn. App. Oct. 19, 2020) (noting "there is no private cause of action for violations of the Minnesota Constitution" and plaintiff's claims were properly dismissed as frivolous).

In fact, Minnesota courts have found private actions under the Minnesota Constitution to be frivolous. See Danforth v. Eling, 2010 WL 4068791 at *6 (Minn. Ct. App. Oct. 19, 2010) ("there is no private cause of action for violations of the Minnesota Constitution") (finding that the district court correctly dismissed claims under the Minnesota Constitution as frivolous). Therefore, these claims should be dismissed without further analysis.

Since Minnesota has not enacted a statute equivalent to § 1983 for state constitutional violations, Plaintiff's claims under Article I, §§ 3, 6, 8, and 10 of the Minnesota Constitution should be dismissed without further analysis.

F.  Plaintiff has failed to state a claim for Intentional Infliction of Emotional Distress.

The Court should dismiss Count XII. Count XII for intentional infliction of emotional distress should be dismissed for failure to state a claim upon which relief can be granted. The required elements for intentional infliction of emotional distress in Minnesota are: (1) extreme and outrageous conduct; (2) intentional or reckless conduct; and (3) causation of emotional distress; and (4) severe distress. Hubbard v. United Press Int'l Inc., 330 N.W.2d 428, 438–439 (Minn. 1983). A plaintiff must allege an accompanying physical injury to state a claim. Assicurazioni Generali, S.P.A. v. AMPA, Inc., 2000 WL 388130, at *2 (Minn. Ct. App. Apr. 18, 2000).

The claim for intentional infliction of emotional distress fails because Plaintiff has plead no facts regarding BGS's conduct. (Kletscher. Aff. Ex. 1, generally) A claim for intentional infliction of emotional distress requires specific allegations of extreme and outrageous conduct by the defendant. There are no such facts in the record to support a finding of intentional infliction of emotional distress. (Kletscher Aff. Ex. 1, generally). Finally, there is no allegations of physical injury. (Id.) As a result, the Complaint fails to state a claim upon which relief can be granted. Therefore, Count XII should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant Barna, Guzy & Steffen, Ltd. respectfully requests that this Court grant its Motion to Dismiss and dismiss all claims against it with prejudice.

BARNA, GUZY & STEFFEN LTD.

Dated:  September 5, 2025          By:   s/Bradley A. Kletscher
                                   Bradley A. Kletscher #239355
                                   200 Coon Rapids Boulevard, Suite 400
                                   Minneapolis, MN  55433
                                   bkletscher@bgs.com
                                   (763)780-8500
                                   *Attorneys for Barna, Guzy, and Steffen Ltd*
                                   *and Kyle Manderfeld*

4730729.1