UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kellye Strickland,<br><br>                 Plaintiff,<br><br>v.<br><br>RAMSEY COUNTY,<br>a local government entity,<br>BARNA, GUZY & STEFFEN, LTD.,<br>a Minnesota professional corporation,<br>Referee JENESE LARMOUTH (Doe 1),<br>in her individual capacity,<br>Referee REBECCA ROSSOW (Doe 2),<br>in her individual capacity,<br>Referee VICTORIA ELSMORE (Doe 3),<br>in her individual capacity,<br>NICOLE RUEGER,<br>in her individual and official capacities,<br>Deputy CORINA LOYA,<br>in her official capacity only,<br>KYLE MANDERFELD (Doe 4),<br>in his individual capacity only,<br>JOHN AND JANE DOE 5-10,<br>in their individual capacities.<br><br>                 Defendants. | Case File No. 0:25-cv-02056-DWF-DJF<br><br><u>DEFENDANT<br>BARNA, GUZY & STEFFEN, LTD.'S<br>MEMORANDUM OF LAW IN<br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR DEFAULT JUDGMENT</u> |

Defendant Barna, Guzy & Steffen, Ltd., ("BGS") submits the following Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment. The Court should deny Plaintiff's Motion for Default Judgment.

## ISSUES

Whether Plaintiff is entitled to default judgement against BGS where BGS was not properly served.

## PROCEDURAL BACKGROUND

Plaintiff filed her federal amended complaint on July 28, 2025 (the "Complaint" or "Amended Complaint"). (Doc. Index 9).

On August 11, 2025, Plaintiff sent a copy of the summons and Complaint via certified mail to BGS. (Doc. Index. 17).

On August 15, 2025, Plaintiff left a copy of the summons and Complaint with Marcy Hamberg. (Kletscher Aff. ¶ 2.) Marcy Hamberg is not an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. (Id.)

On September 5, 2025, BGS filed its Memorandum of Law in support of its Motion to Dismiss ("Motion to Dismiss") for insufficient service of process and failure to state a claim upon which relief could be granted. (Doc. Index 39.)

On September 8, 2025, Plaintiff filed a motion for default judgment, claiming that BGS was served on August 11, 2025, and therefore their responsive pleadings were due September 2, 2025. (Doc. Index 48).

## ARGUMENT

The Court should deny Plaintiff's Motion. First, the Court should deny the motion for default judgment because BGS was not properly served. Second, entry of default

2

judgment is inappropriate when after granting the motion the Court would be compelled to set aside the default judgment. As a result, the Court should deny the Motion.

### I. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BECAUSE DEFENDANT BGS WAS NOT PROPERLY SERVED.

The Court should deny Plaintiff's motion for default judgment because BGS was never properly served. Plaintiff claims that BGS was served on August 11, 2025, and therefore its responsive pleading was due September 2, 2025. (Doc. Index 48). However, BGS was never properly served and therefore was not required to respond by September 2, 2025.

Plaintiff's initial attempt at service on August 11, 2025 was procedurally defective. Plaintiff sent a copy of the Summons and Complaint via certified mail on August 11, 2025. (Doc. Index. 17.) This does not constitute proper service under the federal rules. To properly serve a corporation, the summons and complaint must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant

Fed. R. Civ. P. 4(h)(1). Certified mail does not satisfy either method.

On August 15, 2025, Plaintiff attempted to serve the summons and complaint through a licensed process server. (Doc. Index 17.) However, service was made upon

3

Marcy Hamberg, who is not an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. (Kletscher Aff. ¶ 2.) Therefore, this attempted service was also legally insufficient.

"Before a [federal] court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. 484 U.S. 97, 104 (1987). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Murphy Bros v. Michetti Pipe Strining, Inc., 526 U.S. 344, 350 (1999).

Since BGS was never properly served, no response deadline was ever triggered, and BGS cannot be in default. Despite the insufficient service, BGS filed its Motion to Dismiss on September 5, 2025. Since BGS was never properly served, BGS respectfully requests that the Court deny Plaintiff's request to enter default as to BGS.

## II. ENTRY OF DEFAULT JUDGMENT IS INAPPROPRIATE WHEN AFTER GRANTING THE MOTION THE COURT WOULD BE COMPELLED TO SET ASIDE THE DEFAULT JUDGMENT.

In the event the Court finds that BGS's Motion to Dismiss was untimely, the Court should still deny Plaintiff's motion for default judgment. Entry of default judgment is inappropriate if after granting the motion the Court would be compelled to set aside the default judgment. A court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b). There is a "judicial preference for adjudication on the merits[.]" Obserstar v.

4

F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993); Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998).

Under Rule 60(b)(1), "excusable neglect" includes "late filings caused by inadvertence, mistake or carelessness." Johnson, 140 F.3d at 784 (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)). The determination of excusable neglect "tak[es] account of all relevant circumstances surrounding the party's omission." Id.

Factors to be considered include "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [Rule 60(b)] movant, and whether the movant acted in good faith." Id. (quoting Pioneer Inv. Servs., 507 U.S. at 395.)

"Existence of a meritorious defense continues to be a relevant factor" in setting aside default." Id. Whether a meritorious defense exists is determined by examining "whether the proffered evidence would permit a finding for the defaulting party, not whether it is undisputed." Id. at 785 (internal quotes omitted). "The underlying concern is … whether there is some possibility that the outcome… after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2697 (2d ed. 1983)) (ellipses by the court.). Stephenson v. El-Batrawi, 524 F.3d 907, 914 (8th Cir. 2008).

There is no danger of prejudice to the Plaintiff in this matter. Circumstances have not changed in the period between when the answer was allegedly due and the present. Further, the delay was not long. For example, in Chorosevic v. Metlife Choices, the 8th Circuit Court of Appeals found that granting leave to file an answer was appropriate where the answer was late by seven months. 600 F.3d 934, 946–47 (8th Cir. 2010). The district court found that the neglect was in good faith and there was no prejudice to the Plaintiff. Id. The Court of Appeals agreed with the analysis of the district court and added that the defaulting defendant also had a meritorious defense. Id. at 947. The Court of Appeals concluded:

> If the district court would have denied leave to file answers out of time, it would have imposed on Appellees a severe penalty unmatched by [Appellant]. Such a result would have contravened "[t]he judicial preference for adjudication on the merits[, which] goes to the fundamental fairness of the adjudicatory process."

Id. (quoting Obestar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993)) (alterations by the court). Here, the length of time is not substantial from when Plaintiff claims the answer was due, and BGS filed their answer only three days after the date on which Plaintiff claims it was due (Doc. Index 39.) Further, the reason for the timing was excusable. Defendant was never properly served in this matter. (Kletscher Aff. ¶ 3). BGS received the Summons and Complaint on August 11 and August 15, 2025. (Id. at ¶). BGS then responded within 21 days of receipt. (Doc. Index 39.)

There is also a meritorious defense. BGS was not properly served in the matter. (see Doc. Index 39). Further, Plaintiff failed to state a claim upon which relief could be granted. Id. As a result, Defendant has a meritorious defense to this matter.

Because Defendant would succeed in a motion to vacate default, default judgment is not appropriate. The Court should deny Plaintiff's Motion.

## CONCLUSION

The Court should deny Plaintiff's Motion for default judgment. First, the Court should deny the motion for default judgment because Defendant was never properly served. Second, entry of default judgment is inappropriate when after granting the motion the Court would be compelled to set aside the default judgment. As a result, the Court should deny the Motion.

BARNA, GUZY & STEFFEN LTD.

Dated: 9/15/2025

By: _____
Bradley A. Kletscher #239355
200 Coon Rapids Boulevard, Suite 400
Minneapolis, MN 55433
bkletscher@bgs.com
(763)780-8500
*Attorneys for Barna, Guzy, and Steffen Ltd and Kyle Manderfeld*