**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Kellye Strickland,                                                    Civil No. 25-2056 (DWF/DJF)

           Plaintiff,

v.

                                                        **ORDER**

Nicole Rueger, *in her individual and
official capacities also known as
Nikki*; Elizabeth Clysdale, *Referee, in her
individual capacity*; Corina Loya, *Deputy,
in her official capacity only*; Ramsey
County, *a local government entity*; Barna,
Guzy & Steffen, Ltd., *a Minnesota
professional corporation*; Jenese
Larmouth, *Referee, in her individual
capacity*; Rebecca Rossow, *Referee, in her
individual and official capacities*; Victoria
Elsmore, *Referee, in her individual
capacity*; Kyle Manderfeld, *in his
individual capacity only*; and John and
Jane Does 5-10, *in their individual
capacities*,

           Defendants.

This matter is before the Court on Plaintiff's motion to reconsider or, in the alternative, to stay pending state appellate resolution. (Doc. No. 107.) Specifically, relying on Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff asks the Court to modify its judgment dismissing Counts I and IV through XIII with prejudice to dismissal without prejudice and grant her leave to file a second amended complaint. (*Id.*)

In this District, a party must receive court permission before filing a motion to reconsider. D. Minn. L.R. 7.1(j). Plaintiff did not file a letter requesting permission, so

her motion is improper.  Procedural issues aside, she has not shown compelling circumstances that warrant reconsideration or manifest errors of law or fact that allow for correction of the judgment under Rule 59(e).

The limited purpose of Rule 59(e) is "correcting manifest errors of law or fact or to present newly discovered evidence."  *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Plaintiff asserts that she could cure procedural defects like "misidentification of governmental actors" and "characterization of challenged conduct as discretionary" if allowed leave to amend.  (Doc. No. 107 at 1.)  The Court dismissed Counts I and IV through XIII with prejudice primarily because Defendants were entitled to immunity but also based on persistent pleading failures and the fact that her claims could not be conceivably repleaded with success.  (Doc. No. 103 at 25-26.)  Plaintiff's arguments do not demonstrate manifest error of law or fact in that analysis or newly discovered evidence.  The motion is denied.  Additionally, there is no reason to stay these proceedings pending state appellate action.  Her alternative request is also denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Kellye Strickland's motion to reconsider or, in the alternative, to stay pending state appellate resolution (Doc. No. [107]) is **DENIED**.

Dated:  March 20, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

2